# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | | |
|---|---|---|
| MANUEL GARCIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-1141 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Pending before the Court is Respondent's Motion for Summary Judgment.

## I. BACKGROUND

Petitioner brings this habeas corpus application under 28 U.S.C. § 2254 challenging a state court conviction. Petitioner filed an original application and a memorandum [Docket Entry Nos. 1, 3]. Petitioner is incarcerated in the Texas Department of Criminal Justice. Respondent contends that Petitioner's application is time barred under 28 U.S.C. § 2244(d). This Court **GRANTS** the Motion for Summary Judgment as time barred under 28 U.S.C. § 2244(d) for the reasons stated below.

Petitioner challenges a conviction for sexual assault in cause number 981580 in the 248th District Court of Harris County, Texas. Under a plea bargain agreement, the state court sentenced Petitioner to fifteen years in prison on May 4, 2004. Petitioner appealed, and the Eighth Texas Court of Appeals dismissed the appeal on September 2, 2004. Petitioner did not file a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals. Petitioner filed a post-conviction state writ application on July 5, 2005. The Court of Criminal Appeals denied the application on November 9, 2005. Petitioner constructively filed this federal application on March 31, 2006.

On April 24, 1996, the President signed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which amended the habeas corpus statutes. The AEDPA states in part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

>    diligence.
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d) (West 1996).

## II. RESPONDENT'S SUMMARY JUDGMENT MOTION

Respondent's contentions follow.  Petitioner's conviction became final on October 2, 2004.  That date is the last day to petition for discretionary review.  *See* TEX. R. APP. PROC. 68.2(a).  There is no showing that subsections (B), (C), or (D) of § 2244(d)(1) apply to Petitioner's claims.  The limitation period expired a year later, on October 2, 2005, absent tolling.

State collateral review tolls the limitation period under section 2244(d)(2).  Petitioner's state writ application was pending for 128 days.  The pendency of the state writ application tolled the limitation period and extended the expiration of the statute of limitations to February 7, 2006.  Petitioner constructively filed this federal application on March 30, 2006, almost two months after the limitation period expired.  Under this analysis, Petitioner's application is time barred.

## III. PETITIONER'S REPLY

Petitioner responded to the motion for summary judgment [Docket Entry No. 17].  Petitioner's assertions follow.

Petitioner had inadequate time during the state writ proceedings to file a rebuttal

3

and produce new evidence. Petitioner did not file a PDR because he was represented by counsel on appeal. Counsel failed to inform Petitioner that he could file a PDR. Counsel also failed to withdraw as Petitioner's attorney. In a garbled statement, Petitioner says he exhausted his state court remedies when the Texas Court of Criminal Appeals denied his state writ application "which should construe [his] equitable tolling pushed [*sic*] date to June 9, 2006" and thus his federal window was not closed under the AEDPA. These allegations do not directly relate to whether the statute of limitations bars this habeas corpus application and, if they are relevant, they do not defeat Respondent's summary judgment showing on limitations.

Petitioner also makes these assertions in his summary judgment reply. When his appeal was affirmed, Petitioner was in transit among prison units. This process occurred from June 8, 2004, through January 27, 2005, when he was transferred to his permanent assignment, the Jordan Unit. A handwritten exhibit submitted by Petitioner inconsistently shows that he was in transit from September 4, 2004, to January 27, 2005. Petitioner says his mail did not catch up with him until he reached the Jordan Unit on January 27, 2005.

### IV. ANALYSIS

Construing his pleadings liberally, Petitioner contends the statute of limitations should be equitably tolled while he was in transit from June 8, 2004, to January 27,

4

2005, when he received notice of the appeal dismissal. The Fifth Circuit has said that a long delay in receiving notice of the denial of a state habeas corpus application could warrant equitable tolling. *Phillips v. Donnelly*, 216 F.3d 505, 511 (5th Cir. 1999). However, Petitioner's unsupported allegations that he was in transit for seven and a half months and unaware that his conviction had been affirmed do not defeat Respondent's summary judgment showing that the application is time barred. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993) (unsubstantiated or conclusory assertions that a fact issue exists will not suffice to defeat a summary judgment motion). Moreover, assuming that Petitioner demonstrated by competent summary judgment evidence that he did not learn of the Texas Court of Appeals affirmance until January 27, 2005, such a showing would be insufficient to warrant equitable tolling.

Equitable tolling should only be used in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A habeas petitioner must act diligently to justify equitable tolling. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000). "Equitable tolling is warranted ... only "where the [petitioner] is actively misled by the [respondent] about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir.2002) (citation and internal quotation marks omitted).

Petitioner's appeal was dismissed on September 2, 2004, and his conviction became final on October 4, 2004. When Petitioner learned on January 27, 2005, that his appeal had been dismissed almost five months earlier, he needed to act diligently. At that point, he still had approximately nine months remaining on the limitation period in which to pursue federal habeas corpus relief.

After Petitioner learned his appeal had been dismissed almost five months earlier, he waited another five months before he filed his state writ application. Petitioner used up nine months of the one-year limitation period and left himself three months to file his federal application after the state writ application was denied. *See Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (upholding denial of equitable tolling where petitioner waited a long time to apply for state habeas corpus relief and left himself very little time to apply for federal relief). Petitioner filed his state writ application about ten months after his appeal was dismissed.

Petitioner did not act with due diligence and his pleadings do not show that the Respondent or anyone else "actively misled" him or "prevented [him] in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999). Petitioner's pleadings do not show rare and exceptional circumstances or the need for equitable tolling. *Id.* Petitioner has not met his burden of proof. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) (the petitioner bears the

6

burden of proof on equitable tolling).

## V. CONCLUSION

Petitioner has not raised a genuine issue of material fact which defeats Respondent's summary judgment showing on the statute of limitations or that he is entitled to equitable tolling. Accordingly, it is **ORDERED** that Respondent's Motion for Summary Judgment [Docket Entry No. 15] be **GRANTED**. This action is **DISMISSED** with prejudice as time barred under 28 U.S.C. § 2244(d). All other pending motions and requests for relief are **DENIED**.

This Court finds that Petitioner has not made a substantial showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), *cert. denied*, 534 U.S. 945 (2001). Therefore, this Court finds that a Certificate of Appealability should not issue.

SIGNED at Houston, Texas, on this 3rd day of August, 2006.

_____David Hittner_____

DAVID HITTNER

United States District Judge